IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-02390-REB-CBS (consolidated with 03-cv-02495-REB-CBS)

LISA SIMPSON and,
ANNE GILMORE.

    Plaintiffs,

v.

UNIVERSITY OF COLORADO, Boulder, through its Board, the Regents of the University of Colorado, a body corporate,

    Defendant.

---

**ORDER REGARDING PENDING MOTIONS TO SEAL**

---

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on motions which once again require the court to balance the potentially competing interests between the public's interest in unfettered access to judicial proceedings and a litigant's desire to fairly and efficiently resolve civil disputes.

    In previous Orders, this court has discussed at some length the factual and legal considerations that are implicated by a motion to seal. *See, e.g.,* Memorandum Order Regarding Denver Publishing Company's Objections and Related Motions to Withdraw and Motions to Seal (Document # 584), dated March 17, 2005; Memorandum Order Regarding Denver Publishing Company's Objection to Stipulated Motion to File Exhibit Lists and Witness Lists to Proposed Pretrial Order Under Seal (Document # 535), dated March 2, 2005; and Memorandum Order Regarding Plaintiffs' Joint Motion For Protective Order That Preservation Deposition Not Be

Had (Document # 502), dated February 11, 2005. The court will presume familiarity with these previous Orders and incorporates herein the analysis and case law set forth in those Orders.

After carefully reviewing the instant motions to seal and considering the privacy interests implicated by the documents and information sought to be sealed, as well as the several objections filed by Intervenor Rocky Mountain News, the court orders as follows:

(1) **Plaintiff Anne Gilmore's Motion for Leave to File Motions in Limine #1 Through #8 Under Seal (Document #568), dated March 14, 2005, is GRANTED**.

Plaintiff Gilmore's motions *in limine* sought to exclude certain evidence or testimony in anticipation of a future trial. On March 31, 2005, with its Order granting summary judgment in favor of Defendant University, the District Court denied the subject motions *in limine* as moot. Unless Plaintiffs' pending Motion to Alter or Amend Judgment or for Relief from Judgment is granted, there will be no trial in these consolidated cases. *Cf. In re Associated Press*, 162 F.3d 503, 512 (7th Cir. 1998) ("until admitted into the record, potential evidence is not ordinarily within the scope of the press access"); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (while the public certainly has a right of access to evidence actually introduced at trial, that same presumption should be accorded little, if any, weight with respect to documents and testimony that play no role in the disposition of substantive rights or in the discharge of Article III duties). Plaintiff Gilmore's Motion for Leave to File Motions in Limine is GRANTED without prejudice to Intervenor Rocky Mountain News' right to renew its objection to sealing in the event Plaintiffs' Motion to Alter or Amend Judgment is granted and these cases proceed to trial.

(2) **University of Colorado's Unopposed Motion to File Deposition Transcript and Related Documents Under Seal (Document # 649), dated March 25, 2005, is GRANTED.**

The court previously addressed the privacy interests implicated by the deposition of this non-party witness during a hearing on February 10, 2005 which was open to the public. While I permitted the subject deposition to proceed, the parties were required to respect the privacy interests of the non-party deponent. My February 11, 2005 Order specifically provides that any portion of the subject deposition filed with the District Court must be filed under seal. Defendant's Unopposed Motion (Document # 649) is fully consistent with my prior Order.

(3) **Defendant's Unopposed Motion to File the University of Colorado's Response to Plaintiffs' Joint Motion for Sanctions and Joint Motion to Compel Under Seal and Notice of Submission of Documents for <u>In Camera</u> Review (Document # 695), dated April 20, 2005, is GRANTED.**

During a public hearing on September 21, 2005, this court granted Plaintiffs' Motion for Leave to File Joint Motion for Sanctions for Defendant's Concealment of Football Recruiting Sexual Harassment Under Seal (Document #547), for the reasons stated on the record. I directed that Plaintiffs' Joint Motion (Document # 545) and all related exhibits shall be sealed. During the same hearing, I granted Plaintiffs' Motion for Leave to File Under Seal Their Joint Motion to Compel Production of Documents (Document # 638), for the reasons stated on the record. I directed that Plaintiffs' Joint Motion to Compel Production (Document # 637) and the exhibits thereto shall be sealed. The court will apply the same reasoning to Defendant's Unopposed Motion to File the University of Colorado's Response to Plaintiffs' Joint Motion for Sanctions and Joint Motion to Compel Under Seal (Document # 695). After carefully reviewing Defendant's Response and the attached exhibits, I find that sealing these materials in their entirety

is warranted given the privacy interests of non-parties that are implicated by these submissions. I further find that the extensive redaction required to protect these privacy interests would not advance the public's interest in disclosure, particularly given this court's lengthy Memorandum Order of July 1, 2005. *Cf. David J. Frank Landscape Contracting Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis. 2001) (suggesting that the court is not required to undertake a belabored review in balancing potential harm to litigants against the public's right to obtain information concerning judicial proceedings).

  (4) **Defendant's Motion to File Exhibits 1-6 to Defendant's Bill of Costs Under Seal (Document # 708), dated April 25, 2005, is GRANTED**.

Exhibits 1-6 to Defendant's Bill of Costs contain a number of references to non-party witnesses whose privacy interests have been protected consistently by this court. As this court has noted on previous occasions, the presumption of public access to court records recognizes content-based exceptions, such as the privacy interests of participants and third parties. *See Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179 (6th Cir. 1983). *See also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (holding that "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted"). I further find that disclosing the specific content of the sealed documents is not necessary in order for the public to understand the District Court's decision regarding taxation of costs in this case.

    (5)    **Defendant's Motion to File Exhibit 5 to Defendant's Notice of Amendment to Bill of Costs Under Seal (Document # 729), dated May 16, 2005, is GRANTED.**

The court has reviewed information contained in Exhibit 5 to Defendant's Notice of Amendment to Bill of Costs (Document # 728). Exhibit 5 contains numerous references to individuals whose names have been kept confidential throughout these proceedings. I find that sealing Exhibit 5 is an appropriate measure to protect the privacy interests of those individuals.

    (6)    **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Exhibits G, M and N to Plaintiffs' Reply in Support of Motion to Alter or Amend Judgment or for Relief from Judgment (Document # 735), dated May 19, 2005, is GRANTED**.

After reviewing Exhibits G, M and N to Plaintiffs' Reply in Support of Motion to Alter or Amend Judgment, I find compelling reasons for sealing these materials. Exhibit G consists of a deposition excerpt which refers to a non-party to this litigation. I believe the privacy interests of that individual are worthy of protection. Sealing of this exhibit also is appropriate given that the subject matter discussed in this deposition excerpt is wholly unrelated to the claims and legal theories asserted in Plaintiffs' lawsuits. *See* Memorandum Order Regarding Plaintiffs' Joint Motion for Sanctions for Defendant's Concealment of Football Recruiting Sexual Harassment and Plaintiffs' Joint Motion to Compel, dated July 1, 2005, at pp. 22-24. Exhibits M and N also include information that should be sealed as a necessary measure to protect the privacy interests of non-parties.

    (7)    **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Exhibits D and E to Plaintiffs' Opposition to Defendant's Motion for Review of Bill of Costs (Document # 748), dated June 27, 2005, is GRANTED**.

Plaintiffs have established compelling reasons for sealing Exhibit D and E to Plaintiffs' Opposition to Defendant's Motion for Review of Bill of Costs. These Exhibits consist of deposition testimony from non-party witnesses. Sealing these Exhibits is necessary to protect the privacy interests of these individuals.

    (8)    **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Unredacted Copy of Plaintiffs' Objections to Portions of [758] July 1, 2005 Memorandum Order and Exhibits A and H Thereto (Document # 770), dated July 18, 2005, is GRANTED**, **subject to the following condition**.

While permitting the sealing of Plaintiffs' unredacted copy of their Objections to Portions of July 1, 2005 Memorandum Order and Exhibits A and H Thereto, I find that one deletion in Plaintiffs' redacted version of their Objections to Portions of July 1, 2005 Memorandum Order (Document # 772) is unnecessary and must be corrected. Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court an amended Redacted Objections to Portions of July 1, 2005. That submission will be captioned "Amended Redacted Objections to Portions of July 1, 2005 Memorandum Order." The Amended Redacted Objections should eliminate the redactions on page 4 of the original Redacted Objections. After careful review, I find no compelling reasons to support the redactions on that particular page. I find that all other redactions are appropriate.

> (9) **Plaintiffs' Motion for Leave to File <u>Under Seal</u> Unredacted Version of Plaintiffs' Joint Request for Ruling Ordering Production of Police Interview of Student-Trainer B Maintained in Defendant's Office of Sexual Harassment File (Document # 784), dated July 25, 2005, is GRANTED**.

Having reviewed the unredacted version of Plaintiffs' Joint Request for Ruling (Document # 784), the court finds that Plaintiffs have redacted materials consistent with previous Orders issued by this court. Those redactions do not prevent the public from understanding the arguments and analysis presented in Plaintiffs' Joint Motion. I further note that Plaintiffs' Redacted Version of Plaintiffs' Joint Request for Ruling (Document # 785) was granted during a public hearing on September 21, 2005, for reasons stated on the record.

> (10) **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Exhibits A and B to Motion to Stay for One Week Ruling on Order to Show Cause (Document # 839), dated September 26, 2005, is GRANTED.**

Having reviewed the contents of Exhibits A and B, the court finds that these documents implicate the legitimate privacy interests of non-parties and, for that reason, should be sealed.

> (11) **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Exhibits A and B to Motion to Stay for One Week Determination of Plaintiffs' Motion to Alter or Amend Judgment or for Relief from Judgment (Document # 843), dated September 26, 2005, is GRANTED.**

Having reviewed the contents of Exhibits A and B, the court finds that these documents implicate the legitimate privacy interests of non-parties and, for that reason, should be sealed.

More problematic for the court are various motions to seal unredacted versions of briefs or motions filed by the parties. These motions necessarily require the court to consider also the parties' proposed redactions. While the filings in question are often dispositive in nature, the privacy interests of non-parties are no less worthy of protection. For those reasons, the redaction process involves a balancing process, in which the court must attempt to harmonize these privacy

interests with the public's right to understand the parties' arguments and the District Court's decision-making. *Compare Chicago Tribune Company v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (holding that discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common law right of access) and *Jones v. Clinton*, 12 F. Supp.2d 931, 934 (E.D. Ark. 1998) (noting that protecting the privacy interests of a person who might be the subject of intrusive discovery is "good cause" for maintaining confidentiality under Rule 26(c). *See also Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (holding that the trial court does not abuse its discretion to override the common law right of access where it conscientiously balances the competing interests and articulates compelling reasons supported by specific factual findings). Unfortunately, this balancing process cannot be measured by exacting standards and is fraught with the potential for second-guessing. Given the court's struggle with this analysis, I cannot fault the parties for erring on the side of caution.

After careful consideration of the following motions to seal and the companion redacted filings, I am unable to find "compelling reasons" for many of the parties' proposed redactions. *See* D.C.COLO.LCivR 7.2A. In many instances, the parties have redacted text which does not identify any individual by name or by inference, but which cites exhibits or documents that have been sealed by court order. Unfortunately, these redactions often leave unintelligible gaps in the brief or motion which may impair the public's ability to understand the arguments raised by the parties. The court will permit redactions that protect the identity and privacy of named non-parties. The need to protect privacy interests, however, does not justify redacting general descriptions of events or references to conduct by unspecified and unidentified students or

University employees. With these principles in mind, the court orders as follows:

    (12)    **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Unredacted Copy of Plaintiffs' Motion to Alter or Amend Judgment or For Relief from Judgment and Exhibits A-H Thereto (Document # 689), dated April 14, 2005, is GRANTED.**

While permitting the sealing of Plaintiffs' unredacted copy of their Motion to Alter or Amend Judgment and attached exhibits, I find that many of the proposed deletions in Plaintiffs' redacted version of their Motion to Alter or Amend Judgment or for Relief from Judgment (Document # 687) are unnecessary and must be corrected. Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court an amended Redacted Motion to Alter or Amend Judgment. That submission will be captioned "Amended Redacted Plaintiffs' Motion to Alter or Amend Judgment or for Relief from Judgment." The Amended Redacted Plaintiffs' Motion should eliminate all redactions on page 2 of the original Redacted Motion, and all redactions on page 3 of the original Redacted Motion, except for the personal name that appears on lines 14 and 18 of page 3. The Amended Redacted Plaintiffs' Motion should eliminate all redactions on page 4 of the original Redacted Motion, except for the personal name that appears on lines 10, 11-12 and 13 of that page. The Amended Redacted Plaintiffs' Motion may retain the redactions that currently appear on page 5 of the original Redacted Motion. The latter redactions are appropriate to protect the privacy interests of non-parties.

As for Exhibits A-H to Plaintiffs' original Redacted Motion, some of the redactions are unnecessary. Exhibit A to the original Redacted Motion consists of Plaintiffs' Supplemental Response and Brief in Opposition to Defendant's Motion for Summary Judgment (Document # 544). In an Order dated September 21, 2005, I held that Plaintiffs' Supplemental Response

should be unsealed, but that the exhibits attached to Document # 544 should remained sealed. That same treatment should apply here. Plaintiffs' Amended Redacted Motion must include an Exhibit A that is unredacted save for the attachments thereto. Based upon my review, I find that all other exhibits to Plaintiffs' original Redacted Motion to Alter or Amend Judgment or for Relief from Judgment (Document # 687) were properly redacted to protect the privacy interests of non-parties. Those same redactions may be incorporated into Plaintiffs' Amended Redacted Motion to Alter or Amend Judgment or for Relief from Judgment.

(13) **Plaintiffs' Unopposed Motion for Leave to File Under Seal Plaintiffs' Joint Reply to the University of Colorado's Response to Plaintiffs' Motions for Sanctions and to Compel (Document # 700), dated April 25, 2005, is GRANTED**.

The court will grant Plaintiffs' Unopposed Motion (Document # 700) to ensure that the record in this case is complete. However, a substantial portion of Plaintiffs' Joint Reply does not need to be sealed. The privacy interests of non-parties can be adequately protected through redaction. Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court a redacted Joint Reply to the University of Colorado's Response to Plaintiffs' Motions for Sanctions and to Compel. That submission will be captioned "Redacted Plaintiffs' Joint Reply to the University of Colorado's Response to Plaintiffs' Motions for Sanctions and to Compel." This Redacted Joint Reply should delete any specific reference to the name of any non-party University student or former student. Such references appear on pages 1, 3, 5, 7, and 11 of the original Joint Reply. Based upon this court's previous Order of July 1, 2005, the Redacted Joint Reply should also delete any specific reference to the name of a former University assistant football coach. Such references appear on page 2 and 13 of the original Joint

Reply.

As for the exhibits attached to the original Joint Reply, I find no compelling reason to seal Exhibits A, B, C or G. Each of these documents have appeared in the public domain and disclosure will not compromise the privacy interests of any non-party. Copies of these exhibits should be attached to Plaintiffs' Redacted Joint Reply. All other exhibits attached to the original Joint Reply should remain sealed.

(14) **Defendant's Unopposed Motion to File Under Seal Unredacted Copy of University of Colorado's Response to Plaintiffs' Motion to Alter or Amend Judgment or for Relief from Judgment and Exhibits A-C, E-F Thereto (Document # 714), dated May 4, 2005, is GRANTED**.

While permitting the sealing of Defendant's unredacted copy of their Response to Plaintiffs' Motion to Alter or Amend Judgment or for Relief from Judgment and Exhibits A-C, E-F Thereto, I find that many of the proposed deletions in Defendant's redacted version of their Response to Plaintiffs' Motion to Alter or Amend Judgment or for Relief from Judgment are unnecessary and must be corrected. Accordingly, within ten (10) days of this Order, Defendant is directed to prepare and file with the Clerk of Court an amended Redacted Response to Plaintiffs' Motion to Alter or Amend Judgment. That submission will be captioned "Amended Redacted Response to Plaintiffs' Motion to Alter or Amend Judgment or for Relief from Judgment." The Amended Redacted Response should eliminate the first redaction on page 3 of the original Redacted Response, but may retain the redaction in footnote 1 of that page. The Amended Redacted Response should eliminate all redactions on page 4, and should eliminate all redactions on page 5, except for the personal name that appears on lines 5 and 16. The Amended Redacted Response should eliminate all redactions on page 6. The Amended Redacted Response should

eliminate all redactions on pages 7, 8, 9 and 10, except for references to students who are specifically identified by name, other than Ms. Simpson. The Amended Redacted Response may retain the redaction that appears on page 13. The court also finds that the privacy interests of non-parties provide a compelling reason to seal Exhibits A-C and E-F. Those Exhibits should not be attached to the Amended Redacted Response.

    (15)    **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Unredacted Copy of Plaintiffs' Supplement to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of the Court's July 1, 2005 Order and Exhibits A, C, D and G Thereto (Document 804), dated August 9, 2005, is GRANTED.**

While permitting the sealing of Plaintiffs' unredacted copy of Plaintiffs' Supplement to Their Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of the Court's July 1, 2005 Order and Exhibits A, C, D and G, the court finds that many of the proposed deletions in Plaintiffs' redacted version of their Supplement are unnecessary to protect privacy interests and must be corrected. Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court an amended Redacted Copy of Plaintiffs' Supplement. That submission will be captioned "Amended Redacted Supplement to Their Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of the Court's July 1, 2005 Order." The Amended Redacted Supplement should eliminate the redactions on page 4 of the original Redacted Supplement, and should eliminate all redactions on page 5, with exception of the redacted student names that appear in footnote 4 on page 5. The individual names of students, former students or recruits that appear on page 6 of the original Supplement should be omitted from the Amended Redacted Supplement. The Amended Redacted Supplement should eliminate all redactions on

page 7 of the original Redacted Supplement. The redactions on page 9 of the original Redacted Supplement must be deleted from the Amended Redacted Supplement. The redactions on page 10 of the original Redacted Supplement should be deleted from the Amended Redacted Supplement, with the exception of the student name that appears on line 10 of that page of the original Redacted Supplement. The redactions on page 11 of the original Redacted Supplement should be eliminated because they appear to be unnecessary to protect privacy interests. The redactions on pages 12 and the first paragraph on page 13 of the original Redacted Supplement may be retained in the Amended Redacted Supplement. Those redactions address matters this court has previously determined to be irrelevant to the claims asserted by Plaintiffs. *See* Memorandum Order of July 1, 2005, at pp. 22-24. The redactions in the second full paragraph on page 13 of the original Redacted Supplement should be eliminated from the Amended Redacted Supplement. In its original form, that paragraph has been drafted in such a way as to protect the privacy interests of unnamed students. The redactions on page 14 of the original Redacted Supplement may be retained in the Amended Redacted Supplement since they relate to irrelevant matters. Exhibits A, C, D and G to the Unredacted Supplement should remain sealed.

(16) **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Plaintiffs' Supplement to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment in Light of Production of Documents Pursuant to the Court's September 21, 2005 Order (Document # 864), dated October 6, 2005, is GRANTED.**

While the court will grant Plaintiffs' motion to seal (Document # 864) in order to maintain a complete record, portions of the underlying Supplement (Document # 865) do not require sealing. Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court a redacted copy of Plaintiffs' Supplement (Document # 865). That

submission will be captioned "Redacted Supplement to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment in Light of Production of Documents Pursuant to the Court's September 21, 2005 Order." In preparing the Redacted Supplement, Plaintiffs should redact the names of all students, former students or recruits who are non-parties in these actions. Such names appear throughout the text and footnotes in the original Supplement. In addition to those redactions, Plaintiffs should redact the final two paragraphs appearing on page 3 and should redact page 4 in its entirety. On page 5, Plaintiffs should redact footnote 3 in its entirety. These particular redactions are appropriate given the detailed description taken from the referenced police report which the court previously has sealed. The exhibits attached to the original Supplement will remained sealed and should not be attached to the Redacted Supplement.

(17) **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Unredacted Copy of Plaintiffs' Supplement to Their [797] Joint Reply to [778] Defendant's Response to [758] Court's July 1, 2005 Show Cause Order and Exhibits A through D Thereto (Document # 867), dated October 6, 2005, is GRANTED.[1]**

While the court will grant Plaintiffs' motion to seal (Document # 867) in order to maintain a complete record, portions of the underlying Unredacted Supplement (Document # 870) do not require sealing. Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court an amended redacted copy of Plaintiffs' Supplement (Document # 869). That submission will be captioned "Amended Redacted Copy of Plaintiffs' Supplement to Their Unredacted Joint Reply [798] to Defendant's Response [778] Court's July 1, 2005 Show

---

[1]Plaintiffs' caption is unintentionally confusing. The court presumes that Plaintiffs wish to seal the unredacted Supplement to their unredacted Joint Reply to Defendant's Response. However, that unredacted Joint Reply is Document No. 798. The redacted version of Plaintiffs' Joint Reply is Document No. 797. For purposes of this Order, the court will refer to the correct docket numbers.

Cause Order [758]." In preparing the Amended Redacted Copy of Plaintiffs' Supplement, Plaintiffs should no longer redact portions of page 2. The Amended Redacted Copy should not include redactions in the first and second paragraphs of page 3. The redactions in paragraph 3 of page 3 should be limited to lines 4 and 5, starting after the word "Omni" and continuing to the words "In fact." The Amended Redacted Copy should no longer redact portions of page 4. At page 6 of the Amended Redacted Copy, Plaintiffs should only redact the name which appears in line 14. On page 7 of the Amended Redacted Copy, Plaintiffs should only redact line 19 and that portion of line 20 before the words "It is." On page 8 of the Amended Redacted Copy, Plaintiffs may continue to redact the personal name that appears at line 7, and should redact that portion of line 19 after the words "Omni Hotel" and that portion of line 20 before the words "well before." On page 10 of the Amended Redacted Copy, Plaintiffs should continue to redact the name of the student referenced on that page. The court finds no compelling reason for other redactions on page 10. On page 11 of the Amended Redacted Copy, Plaintiffs should continue to redact the names of students referenced on that page. On page 11 of the Amended Redacted Copy, Plaintiffs should continue all present redactions except for the redaction on line 7 of that page. The court finds no compelling reason for the latter redaction. The court also finds no compelling reason for the redactions on page 13 and those redactions should be omitted from the Amended Redacted Copy. On pages 14 and 15 of the Amended Redacted Copy, Plaintiffs should only redact the name of the non-party student referenced on those pages. All exhibits referenced in the Amended Redacted Copy should remained sealed.

(18) **Defendant's Unopposed Motion to File under Seal Defendant's Unredacted Response to Plaintiffs' Supplement to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery**

**in Light of the Court's (sic.) Documents Produced Pursuant to the Court's September 21, 2005 Order [872] (Document # 886), dated October 27, 2005, is DENIED.**

After carefully reviewing Defendant's Unredacted and Redacted Responses to Plaintiffs' Supplement (Document # 885), the court determines that the redactions proposed by Defendant are not supported by any "compelling" reasons. While the Response refers to information contained in confidential documents, the proposed redactions do not identify any student by name and do not adversely impact the privacy rights of any named individual. Without some further showing, the court finds no reason to seal or redact Defendant's Response to Plaintiffs' Supplement to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of the Court's (sic.) Documents Produced Pursuant to the Court's September 21, 2005 Order [872].

For the foregoing reasons, the Clerk of Court is hereby directed to UNSEAL Defendant's Unredacted Response to Plaintiffs' Supplement to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of the Court's (sic.) Documents Produced Pursuant to the Court's September 21, 2005 Order [872] (Document # 886), dated October 27, 2005.

(19) **Plaintiffs' Unopposed Motion for Leave to File <u>Under Seal</u> Unredacted Copy of Plaintiffs' Reply in Support of the Supplement [865] to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of Documents Produced Pursuant to the Court's September 21, 2005 Order and Exhibits A and B Thereto (Document # 892), dated November 7, 2005, is GRANTED.**

While the court will grant Plaintiffs' motion to seal (Document # 892) in order to maintain a complete record, portions of the underlying Unredacted Copy of Plaintiffs' Reply in Support of the Supplement (Document # 893) do not require sealing.  Accordingly, within ten (10) days of this Order, Plaintiffs are directed to prepare and file with the Clerk of Court an amended Redacted Copy of Plaintiffs' Reply in Support of the Supplement (Document # 894).  That submission will be captioned "Amended Redacted Copy of Plaintiffs' Reply in Support of the Supplement [865] to Their [688] Motion to Alter or Amend Judgment or for Relief from Judgment and Request for Additional Discovery in Light of Documents Produced Pursuant to the Court's September 21, 2005 Order."  In preparing the Amended Redacted Copy of Plaintiffs' Reply, Plaintiffs may retain the redactions on page 2.  On page 3 of the Amended Redacted Copy of Plaintiffs' Reply, the names of students referenced in paragraph 1 and footnote 1 should be redacted.  The court does not find compelling reasons for any other redactions on page 3.  The court finds no compelling reason to redact portions of pages 4, 5 or 6 of the Amended Redacted Copy of Plaintiffs' Reply. All exhibits referenced in the Amended Redacted Copy of Plaintiffs' Reply should remained sealed.

**THE COURT FURTHER ORDERS that any future motions to seal filed in these consolidated actions must specifically describe, at a minimum, (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which**

**warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative (*e.g.*, redaction) to the relief sought is not available.  Furthermore, counsel are reminded that they should not move to seal a pleading, motion or any supporting material unless they are satisfied (consistent with Fed.R.Civ.P. 11) that they can demonstrate compelling reasons for a sealing order.**

DATED this 6th day of January, 2006.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge