**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 02-cv-02390-REB-CBS
*Consolidated with Civil Action No. 03-cv-02495-REB-CBS*

LISA SIMPSON and ANNE GILMORE,

Plaintiffs,

v.

UNIVERSITY OF COLORADO, Boulder, through its Board,
THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate,

Defendant.

---

**MOTION TO ENFORCE ATTORNEY'S LIEN**

---

COMES NOW W. Randolph Barnhart, Angela Ekker and the Law Firm of Barnhart, Ekker and McNally, LLP (hereinafter "Petitioner"), former counsel for plaintiff Anne Gilmore, and moves this Court for an Order Enforcing the Attorney's Lien filed by the undersigned Petitioner on October 12, 2004 and for other relief as requested herein. As cause therefore, the Petitioner shows unto the Court as follows:

1. At the request of Ms. Gilmore and her counsel, Peggy Jessel, the Petitioner undertook representation of Ms. Gilmore as lead co-counsel. Ms. Jessel advised she had earlier undertaken the representation of Ms. Gilmore, but was inexperienced in Federal Court matters and felt she needed more experienced counsel to assist her in the representation. W. Randolph Barnhart of the Law Firm of Barnhart, Ekker and McNally, LLP filed an Entry Of Appearance on

January 16, 2004. The two firms and Ms. Gilmore entered into a fee agreement ("agreement") on January 21, 2004. A true and correct copy of the signed fee agreement is attached as Exhibit A.

2. The Petitioner has rendered services to Ms. Gilmore in accordance with the agreement. In particular, the Petitioner undertook an extensive review of the case file as it had been developed by counsel for Lisa Simpson. It filed and/or served discovery, motions, attended hearings and depositions all in furtherance of its role as lead trial counsel for Ms. Gilmore. The undersigned attorneys, an associate attorney and the staff of the Petitioner spent days reviewing thousands of pages of documents produced for review by the University of Colorado (hereinafter "University"). The undersigned attorneys undertook to take a lead role for Ms. Gilmore in the most important depositions taken during the Spring and Summer of 2004. In the course of the depositions taken by Petitioners, significant facts were uncovered which were important in proving liability against the University on behalf of Ms. Gilmore.

3. In addition, in furtherance of Ms. Gilmore's claims the Petitioner has advanced sums for necessary expenses including, but not limited to long distance phone charges, travel, photocopies, computer research, deposition transcripts, hearing transcripts, service of process fees and expert witness fees. On May 12, 2004, the Petitioner, Ms. Jessel and Ms. Gilmore entered into a supplemental agreement increasing the amount of costs which the attorneys expected to expend in the prosecution of the case. A true copy of her supplemental agreement is attached

hereto as Exhibit B. During the time of the firm's representation of Ms. Gilmore, periodic billing statements of the firm's expenditures were sent to her in care of Ms. Jessel.

4. During the period of January to August, 2004 the Petitioner provided its best efforts and expended considerable time to conduct discovery and participate in Motion practice in prosecuting Ms. Gilmore's case.

5. On August 10, 2004, Ms. Jessel announced that she had persuaded Ms. Gilmore to terminate the Petitioner for reasons which were vague and ambiguous. Prior to that date neither Ms. Gilmore nor Ms. Jessel had expressed any dissatisfaction with the Petitioner's work in the case.

6. Despite the termination of the Petitioner, Ms. Jessel had decided that she still needed assistance in the continued prosecution of the case and hired the firm of Benezra and Culver as replacement counsel.

7. After its termination, the Petitioner requested Ms. Gilmore to pay its outstanding expenses of $46,953.53. Through Ms. Jessel, the request was refused.

8. The Petitioner filed and served its Notice of Attorneys Lien pursuant to C.R.S. 12-5-119 and 12-5-120 on October 12, 2004 setting forth fees of $87,743.30 and costs of $46,953.93. Full copies of the hourly fee billings and expense summaries were provided to Ms. Jessel after she arranged the termination of the Petitioner.

9. The Court is aware of the procedural history of the case from that date to present. The Petitioner had no communication from Ms. Gilmore or her attorneys about the matter from September, 2004 until December 3, 2007, when a friend of Mr.

Benezra's called to advise Ms. Gilmore's case had been settled, the amount of the settlement and a vague request to help resolve the Petitioner's Attorneys Lien. Later that same date Mr. Benezra called and proposed a formula for resolving the Attorney Lien issue. The proposal was unacceptable.

10. Neither Ms. Gilmore nor her present attorneys advised or sought permission of Petitioner to settle or compromise the amount of fees and costs Petitioner had claimed in the Attorneys Lien filed on October 12, 2004.

11. Upon learning of the settlement, Petitioner requested further information including settlement documents or other documents memorializing the pending settlement, prior settlement demands, Fee Agreements among Ms. Gilmore and her counsel, access to the ongoing files and fee statements. With the single exception of the fee statements, Mr. Benezra and Ms. Gilmore refused to provide the remaining information, or provide assurances they would give Petitioner access to their files. A suggestion by Petitioner that the matter of the fee division be submitted to binding arbitration was rejected by Mr. Benezra on behalf of his firm and Ms. Jessel.

12. On information and belief, a settlement was actually reached between Ms. Gilmore and the University on or about November 29, 2007. The Petitioner has sought information concerning the Settlement in order that it can determine if any settlement amounts have been paid to Ms. Gilmore or her present counsel. That information has been denied.

13. Petitioner is entitled to have judgment entered in its favor and against Anne Gilmore for the sum of $134,697.23 together with interest accruing thereon in accordance with the agreement or as allowed by law.

Wherefore, Petitioner prays that the Court enter judgment in its favor and against Anne Gilmore for the sum of $134,697.23, and for interest thereon as provided in the fee agreement or allowed by law. Petitioner further prays that the Court enter the following Orders in furtherance of Petitioner's claims:

A. An Order that the amount of $134,697.23 plus a reasonable amount to pay interest under the fee agreement be placed in the Registry of the Court by whichever party is currently in possession of the settlement funds;

B. An Order that Petitioner be given full rights to discovery should Ms. Gilmore or her current attorneys dispute the amount of the claimed lien.

DATED this 17th day of December, 2007.

Respectfully Submitted,

**BARNHART, EKKER & MCNALLY, LLP**

*Signed original on file at Barnhart, Ekker & McNally, LLP*

By: /s/ W. Randolph Barnhart
W. Randolph Barnhart, #5186
Angela L. Ekker, #17191
BARNHART, EKKER & MCNALLY, LLP
7887 E. Belleview Ave., Ste. 1200
Englewood, CO 80111
Phone: (303) 793-0700
Fax: (303) 793-1950
Email: rbarnhart@bemllp.com
aekker@bemllp.com
***PETITIONER***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of December, 2007, a true and correct copy of the above and foregoing **MOTION TO ENFORCE ATTORNEY'S LIEN** was served on the other party via U.S. Mail, postage-prepaid, to:

| | |
|---|---|
| Baine P. Kerr, Esq.<br>Hutchinson, Black and Cook, LLC<br>921 Walnut Street, #200<br>Boulder, CO 80302<br>Fax: (303) 442-6593 | Anne Gilmore<br>℅ Margaret R. Jessel, Esq.<br>Peggy Jessel, LLC<br>4150 Darley Avenue, #7<br>Boulder, CO 80305<br>Fax: (303) 494-3301 |
| Seth J. Benezra, Esq.<br>Benezra & Culver, L.L.C.<br>274 Union Boulevard, #220<br>Lakewood, CO 80228<br>Fax: (303) 716-0327 | Daniel M. Reilly, Esq.<br>Larry S. Pozner, Esq.<br>Hoffman, Reilly, Pozner & Williamson, L.L.P.<br>511 Sixteenth Street, #700<br>Denver, CO 80202<br>Fax: (303) 893-6110 |
| Margaret R. Jessel, Esq.<br>Peggy Jessel, LLC<br>4150 Darley Avenue, #7<br>Boulder, CO 80305<br>Fax: (303) 494-3301 | David P. Temple, Esq.<br>Office of University Counsel<br>Litigation Department<br>1800 Grant Street, Floor 7<br>Denver, CO 80203<br>Fax: (303) 860-5650 |

/s/Teresa L. Marshall